IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| AUGUSTIN GUERRERO | § |
| VS. | §   CIVIL ACTION NO. 1:05cv849 |
| UNITED STATES OF AMERICA | § |

MEMORANDUM OPINION

Augustin Guerrero, proceeding *pro se*, filed this motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Prior Proceedings

In 2003, a federal grand jury returned an indictment against movant and several co-defendants. Movant was charged with conspiracy to possess controlled substances with the intent to distribute, possessing methamphetamine with the intent to distribute and possessing marijuana with the intent to distribute. Following a jury trial, movant was convicted of all charges. He was sentenced to 240 months imprisonment. The convictions and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit in an unpublished opinion. *United States v. Guerrero*, No. 03-41662.

Grounds for Review

Movant asserts he received ineffective assistance of counsel because counsel: (a) failed to move for a judgment of acquittal at

the close of the government's case and after deciding to put on no evidence on movant's behalf and (b) failed to seek a plea agreement on movant's behalf.  He also states he sentence was invalid because it was based on facts determined by the trial court rather than the jury.

Analysis

*Ineffective Assistance of Counsel*

A.  Legal Standard

A claim of ineffective assistance of counsel is reviewed under the standards announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  "First, a defendant must demonstrate that 'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance."  *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992) (quoting *Strickland*, 466 U.S. at 688).  Second, if counsel was ineffective, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  A claim of ineffective assistance of counsel will only merit habeas relief

when a petitioner satisfies both prongs of the *Strickland* test. *See Strickland*, 466 U.S. at 687-97.

The burden of proof in a Motion to Vacate proceeding attacking the effectiveness of trial counsel is upon movant, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence.  *Martin v. Maggio*, 711 F.2d 1273 (5th Cir. 1983).

B.  Application

1.  Motion for Judgment of Acquittal

Movant asserts counsel failed to make a motion for judgment of acquittal based on the sufficiency of the evidence at either the close of the government's case or after deciding to not put on any evidence on movant's behalf.

Counsel's action did not prevent movant from arguing on direct appeal that there was insufficient evidence to support his convictions.  Indeed, the Fifth Circuit on direct appeal considered and found to be without merit movant's contention that the evidence was insufficient to convict him of the offenses charged.

In considering movant's assertion, however, the Fifth Circuit merely determined whether affirmance of the convictions would result in a manifest miscarriage of justice.  *See United States v. Pruneda-Gonzalez*, 953 F.2d 190 (5th Cir. 1992).  In contrast, if movant's counsel had timely moved for a judgment of acquittal, the

appellate court would have considered movant's assertion under the less rigorous standard of whether, viewing the evidence and the inferences that may be drawn from it in a light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt. *See United States v. Chavez*, 947 F.2d 742 (5th Cir. 1991). In applying this standard, it is not necessary that the evidence exclude every rational hypothesis of innocence or be wholly inconsistent with every conclusion except guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. *Id*.

In order to determine whether counsel's failure to timely move for a judgment of acquittal prejudiced movant, the court must consider whether, using the less rigorous standard, there was sufficient evidence to support movant's convictions.

At trial, there was testimony that Officer Arvizo, an undercover officer with the Jefferson County Narcotics Task Force, contacted Henry Gates by telephone. After a meeting was arranged, Mr. Gates delivered methamphetamine and marijuana to Officer Arvizo.[1] Officer Arvizo, posing as a friend of Santiago Salinas,

---

[1] A chemist testified the substances contained 13.26 grams of methamphetamine and 771.1 grams of marijuana.

4

an inmate informant, contacted Sondra Lowe, the wife of an inmate named Ronnie Robinson, about obtaining cocaine.

During trial, Mr. Salinas, a fellow inmate with movant at the Federal Correctional Institute at Beaumont, testified he knew movant and Mr. Robinson, also a fellow inmate, from the Beaumont prison.  He stated movant was a leader in the prison and that Mr. Robinson was holding marijuana for movant.  He stated he saw movant picking up marijuana from Mr. Robinson's cell because he would not keep contraband in his own cell.  He stated he heard movant tell Mr. Robinson he had a guard to bring drugs into the prison and that he needed Mr. Robinson to bring the drugs in because his contacts in Houston were closer to the prison than movant's contacts.  He testified movant told Mr. Robinson he wanted a pound and an ounce of crystal methamphetamine, that Mr. Robinson could keep the rest and that he would sell the drugs without further involvement from Mr. Robinson.

Mr. Salinas also testified movant was unsure about bringing Gilbert (the name being used by Officer Arvizo) into the deal. He states Gilbert was holding the drugs that were supposed to be delivered to movant's confederates. However, after movant was sent to the "hole," Mr. Salinas and Mr. Robinson tried to have a note delivered to movant. The note, which was introduced into evidence,

said they would not make a move without movant and asked movant for a number for the person they were to pass the drugs to. Mr. Salinas stated movant later told him to have Gilbert sell the drugs, after which movant and Mr. Salinas would split the money. Movant later told Mr. Salinas he had received $500 from Gilbert.

A correctional officer testified a $500 money order was placed in movant's inmate account. The officer also testified that in movant's personal property he found a letter from Oscar Iberra-Gilerto concerning a $500 money order delivered with the letter. A federal agent testified he wrote the letter and sent it to movant along with a $500 money order. The letter told movant in coded language that the money order was proceeds of the sale of the drugs which had been delivered by Mr. Gates to Officer Arvizo.

Based on the evidence described above, it is clear that even if movant's attorney had made timely motions for judgment of acquittal, the appellate court would have affirmed the convictions because, viewing the evidence and the inferences that might be drawn from it in a light most favorable to the verdict, a rational jury could have found the essential elements of the charges beyond a reasonable doubt. There was evidence demonstrating Mr. Gates, Ms. Lowe, Mr. Robinson and movant were engaged in a conspiracy to possess drugs with the intent to distribute and that

methamphetamine and marijuana were actually possessed with the intent to distribute. As a result, movant suffered no prejudice as a result of his attorney failing to make timely motions for judgment of acquittal. This ground for review is therefore without merit.

2. <u>Failure to Seek Plea Agreement</u>

Movant states that at the time of trial, he was already serving a 240 month term of imprisonment based on a separate conviction. He also states that by going to trial, he risked being considered a career offender for sentencing purposes. In light of these facts, movant states counsel should have sought to obtain a plea agreement from the government.

Attached to the government's response to the motion to vacate is an affidavit from movant's trial counsel which states, in part, as follows:

> Mr. Guerrero has alleged that he was given ineffective assistance of counsel because a Plea Agreement was never presented to him. I remember the conversations with Mr. Guerrero very well because every time I spoke with him I had to go to the federal prison and wait for hours to speak with him because he always took his time. Mr. Guerrero was presented with the question of pleading to an agreement, but no agreement was actually prepared because my client professed his innocence. Mr. Guerrero always refused a plea and was adamant about being innocent. He demanded a trial.
>
> Mr. Guerrero always insisted there was no way the money he received was from a drug deal, but was from money owed him

for a debt of loaning money.  The crux of his complaint after trial was that nobody should believe a snitch who goes from prison to prison snitching.  The informant who testified had been moved to the prison Mr. Guerrero was in because of a previous incident in which he was an informant.  There was never a request to enter a plea before, during or after the trial.

Movant does not contest counsel's assertion that he never gave any indication he would consider entering a plea of guilty.  In addition, even if movant indicated a desire to plead guilty, he has not established he suffered any prejudice as a result of counsel's failure to negotiate a plea agreement because he has not established, or made any attempt to establish, that the government had any interest in offering a plea agreement.  In the absence of evidence demonstrating the government would have offered an agreement, prejudice cannot be established.  *Wolfe v. Dretke*, 116 Fed.Appx. 487 (5th Cir. 2004).  This ground for review is without merit.

*Sentencing Error*

Finally, movant, relying on *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), asserts the court erred by sentencing him based, in part, on facts not found to be true beyond a reasonable doubt by the jury.

In *Booker*, the Supreme Court concluded that the mandatory nature of the United States Sentencing Guidelines made them

8

incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. However, *Booker* was not decided until after movant's conviction became final upon the expiration of the time period for filing a notice of appeal. As a result, *Booker* applies to movant's case only if it is the type of decision which should be applied retroactively to cases on collateral review.

The United States Court of Appeals for the Fifth Circuit has joined several other courts of appeal in holding that *Booker* does not apply retroactively to cases on collateral review. *Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 610 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 142 (2nd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005).

As the rule announced in *Booker* does not apply retroactively to cases on collateral review, the rule does not provide movant

with a meritorious basis for relief in this proceeding.  This ground for review is therefore without merit.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence is without merit and is therefore denied. An appropriate Final Judgment shall be entered.

**SIGNED** this the **3** day of **August, 2008.**

_____
Thad Heartfield
United States District Judge